IN THE CIRCUIT COURT OF THE NINETEENTH
JUDICIAL CIRCUIT, IN AND FOR
ST. LUCIE COUNTY, FLORIDA

KARL GARY BRACHLOW,
Plaintiff,
v.

Case No. 562016CA002163(LI)
JUDGE CROOM

SUSAN D. KORMAN, A.R.N.P.,
JULIA K. SHIPMAN, D.O.,
VICKI ERICKSON, CLINIC ADMINISTRATOR,
THE VETERANS ADMINISTRATION HOSPITAL OF WEST PALM BEACH,
MEDMARK SERVICES, INC.

**AMENDED COMPLAINT**

Plaintiff, KARL GARY BRACHLOW, *pro se*, sues defendants, SUSAN D. KORMAN, A.R.N.P., JULIA K. SHIPMAN, D.O., VICKI ERICKSON, CLINIC ADMINISTRATOR, THE VETERANS ADMINISTRATION HOSPITAL OF WEST PALM BEACH, MEDMARK SERVICES, INC. and alleges:

1. This is an action for damages in excess of fifteen thousand dollars ($15,000.00.)

2. Plaintiff resides in Ft. Pierce, St. Lucie County, Florida.

3. To the best of Brachlow's knowledge and belief defendants Susan D. Korman, A.R.N.P. and Vicki Erickson, Clinic Administrator, reside in Ft. Pierce, St. Lucie County, Florida, and to the best of Brachlow's knowledge and belief defendant Julia K. Shipman, D.O. resides in Martin County, Florida. The Veterans

PENGAD-Bayonne, N.J.
DEFENDANT'S
EXHIBIT
B

Hospital of West Palm Beach Hospital resides in West Palm Beach, Florida and MEDMARK SERVICES, INC. has a registered agent in Plantation, Florida.

4. Venue lies in St. Lucie County, Florida.

5. Defendants are private individuals and cannot in any way be considered media.

6. Defendants are private individuals and cannot in any way be considered a public officials.

7. Defendant Korman accused Brachlow of the commission of criminal acts, to wit threatening bodily harm or assault violations of Section 784.011 Florida Statutes. Defendant's actions constitute violations of Section 836.05 Florida Statutes. On December 16, 2014 defendant published this accusation in the formal medical record maintained by the Veterans Administration, and available not only to any future medical providers within the Veterans administration but in the current digital medical records world, essentially making them available to all medical personnel with whom Brachlow makes professional contact. Beyond that, it is available to all clerical staff of any medical office that has a need to receive relevant information in order to care for the defendant, and to his providers. Apparently this has already happened since the advertising market has become aware of some of this record as Brachlow has begun receiving specific product

advertisements for conditions knowledge of is available from his medical records only.

8. Defendant Korman was acting as the agent of defendant Vicki Erickson, clinic administrator and therefore Snyder is liable for Korman's actions.

9. Defendant Korman was acting as the agent of defendant Julia K.Shpman, D.O. supervising physician therefore Shipman is liable for Korman's actions.

10. Defendant Julia K.Shpman, D.O. was acting as the agent of MEDMARK SERVICES, INC. and therefore MEDMARK SERVICES, INC. is liable for Korman's actions.

11. Defendant MEDMARK SERVICES, INC. was acting as the agent of The Veterans Administration Hospital of West Palm Beach, and therefore The Veterans Administration Hospital of West Palm Beach is liable for MEDMARK SERVICES, INC.'s actions.

12. These actions of defendants constitute libel *per se* because defendant's actions constitute violations of Section 836.05 Florida Statutes, a crime.

13. As a result of the above described libel *per se*, Brachlow has suffered harm to his personal reputation, humiliation, extreme emotional distress and mental suffering.

WHEREFORE, Brachlow demands monetary damages against defendants.

**JURY TRIAL DEMANDED**

/s/

KARL GARY BRACHLOW, *pro se*
2844 STONEWAY LANE, APT. D
FT. PIERCE, FL 34982
772-828-4729
dakgb63@yahoo.com